Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEE JONES, | : |
| Petitioner, | : Civ. No. 22-4178 (PGS) |
| v. | : |
| UNITED STATES OF AMERICA, | : OPINION |
| Respondent. | : |

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Lee Jones ("Petitioner"), is a federal prisoner proceeding with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1, "Motion".) Following an order to answer, the Government filed a Motion to Dismiss Petitioner's §2255 motion as untimely (ECF No. 11), and Petitioner filed a reply to the Government's motion (ECF No. 15). For the reasons set forth below, the Court will grant Respondent's Motion to Dismiss and dismiss Petitioner's § 2255 motion as untimely.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2014, Petitioner was charged with possession with intent to distribute heroin, 21 U.S.C. § 841(a) and (b)(1)(C) (Count One); use of a firearm in

furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Count Three). (Crim. No. 14-669, ECF No. 3.) On January 29, 2016, Petitioner pled guilty to counts one and three charged pursuant to a plea agreement. (*Id.*, ECF No. 21.) On September 26, 2016, this Court sentenced Petitioner to 108 months imprisonment. (*Id.*, ECF No. 29.)

On September 5, 2017, Petitioner filed his first § 2255 motion, arguing several ineffective assistance of counsel claims, including ineffective assistance for failing to file a notice of appeal. (*See* Civ. No. 17-6777, ECF No. 1.) During the course of that first § 2255 motion, the Government agreed not to move to dismiss any appeal as untimely if Petitioner filed a notice of appeal. (*Id.*, ECF Nos. 22, 26.) The Government also requested that the Court stay Petitioner's remaining claims pending the resolution of any appeal. (*Id.*) On March 4, 2019, Petitioner filed a notice of appeal. (Crim. No. 14-669, ECF No. 37.) On March 18, 2019, the Court held a telephone conference regarding Petitioner's § 2255 motion and the Government again requested that the Court stay Petitioner's remaining claims during the pendency of Petitioner's appeal. (ECF No. 12-1, Ex 1 at 2:13 to 3:19.) However, during that telephone conference, Petitioner indicated to the Court that he did not wish to have his first § 2255 motion stayed, rather, he wished to withdraw his appeal. The following exchange took place:

> Petitioner: All right. So what if I just want to say I'm all right with my sentence and then just let everything go; can we do that?
>
> The Court: Well, that's a decision you need to make, not me.
>
> Petitioner: No, I'm willing to do it. That's why I'm bringing it upon the Court right now.
>
> The Court: If you're willing to abandon your actions, then you've got to write a letter setting that forth. And then I'll look at it and make a decision.

(*Id.*, 4:17 to 5:1.) On March 25, 2019, Petitioner filed a letter voluntarily withdrawing his first § 2255 motion. (Civ. No. 17-6777, ECF No. 30.) On March 29, 2019, the Court ordered that Petitioner's first § 2255 motion was voluntarily dismissed and closed that matter. (*Id.*, ECF No. 31.)

On August 8, 2019, the Third Circuit Court of Appeals dismissed Petitioner's appeal for failure to prosecute. (Crim. No. 14-669, ECF No. 39.) Petitioner did not seek a writ of certiorari. On June 21, 2022, Petitioner filed the instant § 2255 motion. (ECF No. 1.) Petitioner raises identical claims to those raised in his September 5, 2017 § 2255 motion. (Compare ECF No. 1 and Civ. No. 17-6777, ECF No. 1.) The Government has filed a motion to dismiss Petitioner's § 2255 motion as time barred. (ECF No. 11.) Petitioner filed a reply. (ECF No. 15.)

3

## III. DISCUSSION

### A. Timeliness of Petitioner's Motion

Title 28, United States Code, Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "In order to prevail on a Section 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Perkins*, 2008 WL 399336, at *1 (E.D. Pa. Feb. 14, 2008) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

To bring a successful § 2255 motion, Petitioner must first show his claim is timely. Section 2255 provides that:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the

4

> Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Where a petitioner does not file a petition for certiorari review, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003); *see also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir.1999). "A defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari." *Kapral*, 166 F.3d at 570–1 (citing Supreme Court Rule 13).

Thus, in this case, Petitioner's conviction became final at the latest on November 6, 2019, 90 days after the Third Circuit dismissal order. Petitioner had until November 6, 2020, to file a timely § 2255 motion. Petitioner's instant § 2255

motion was filed on June 21, 2022, over two-and-one-half years after the time for filing a timely § 2255 motion expired. Petitioner's § 2255 motion is time barred.[1]

## B.   Applicability of Equitable Tolling

Petitioner fails to articulate a reason for his delay in filing a timely § 2255 motion.

"[T]he AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998). Equitable tolling is a remedy which should be invoked "only sparingly." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008). At the same time, courts "should favor flexibility over adherence to mechanical rules," and each decision should be made on a "case-by-case basis." *Ross*, 712 F.3d at 799 (quoting *Holland v. Florida*, 560 U.S. 631, 650 (2010)).

---

[1] Petitioner does not argue in his reply, nor can he show, that his instant § 2255 motion relates back to the date of the filing of his first § 2255 motion. Federal Rule of Civil Procedure 15(c)(1)(B) allows for an amendment to a pleading to relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, occurrence set out - or attempted to be set out - in the original pleading." While the claims here are the same as those raised in Petitioner's first § 2255, there is no pleading to relate back to. "'[T]ypically, when a complaint (or habeas petition) is dismissed without prejudice, that complaint or petition is treated as if it never existed.'" *Jones v. Morton*, 195 F.3d 153, 160-61 (3d Cir. 1999) (quoting *Hull v. Kyler*, 190 F.3d 88, 103–04 (3d Cir.1999)). A subsequent petition cannot relate back to a prior petition that was dismissed "because there [is] nothing for [the] [ ] petition to relate back to." *Jones*, 195 F.3d at 160. Petitioner voluntarily withdrew his first § 2255 motion. Therefore, there is no pending pleading that Petitioner could relate back to.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin*, 498 U.S. at 96). Courts determine whether a petitioner has exercised reasonable diligence using a subjective test that "must be considered in light of the particular circumstances of the case." *Ross*, 712 F.3d at 799. And "there must be a causal connection, or nexus, between the extraordinary circumstances [the petitioner] faced and [his] failure to file a timely" § 2255 motion. *Id.* at 803.

Petitioner's reply to the Government's motion to dismiss cites to 28 U.S.C. § 2255(g) and appears to argue that section "goes against" the one-year statute of limitation. (ECF No. 15 at 1-2.) That statute (28 U.S.C. § 2255(g)) provides that the Court may appoint counsel in § 2255 matters, except as provided in Section 408 of the Controlled Substance Act. (ECF No. 15 at 1-2.) Petitioner unclearly argues that § 2255(g) "goes against [§ 2255(f)] timing [because] cases in Section 408 of the Controlled Substance Act are often misconstrued where most of the cases have merit." (*Id.* at 2.) Petitioner's argument misses the point as § 2255(g) addresses the appointment of counsel in § 2255 cases, and has no effect on the one-year statute of limitations found at § 2255(f).

There is a convoluted argument that petitioner a right to appeal his guilty plea and the trial court must advise Petitioner of his right to appeal. (ECF No. 15 at 2-3.)

As explained above, Petitioner did file an appeal of his guilty plea, which the government agreed not to challenge on timeliness grounds. (Crim. No. 14-669, ECF No. 37.) Petitioner's appeal was dismissed by the Third Circuit Court of Appeals for failure to prosecute. (*Id.*, ECF No. 39.) This argument lacks merit.

Petitioner fails to show he diligently pursued his right to file a § 2255 motion. Petitioner makes no argument that he was attempting to pursue his rights. Additionally, Petitioner fails to present any argument that an "extraordinary circumstance" prevented him from timely filing his motion. There is no basis to invoke equitable tolling and Petitioner's § 2255 motion is dismissed as time-barred pursuant to § 2255(f).

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, a defendant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the court concludes that jurists of reason would not find the procedural disposition of Petitioner's motion, based on its untimeliness, debatable. Accordingly, the court will not issue a COA.

## V. CONCLUSION

Petitioner's motion is time-barred, and, for the reasons set forth above, the doctrine of equitable tolling does not apply. The Court will grant the Government's motion to dismiss (ECF No. 11) and dismiss Petitioner's § 2255 motion as untimely. A certificate of appealability shall not issue. An appropriate order follows.

DATED: May 22, 2023

_____
PETER G. SHERIDAN
United States District Judge